**Kuldip SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70960.

Agency No. A78–638–335.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2004.*

Decided May 17, 2004.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM***

We grant Kuldip Singh's petition for review because substantial evidence does not support the Immigration Judge's (IJ) adverse credibility finding. The IJ cited three reasons for finding Singh's testimony not credible: (1) a discrepancy regarding the loss of his passport in Bahrain, (2) a discrepancy between Singh's testimony that his father died of a heart attack and a letter claiming his father died of injuries sustained in police custody, and (3) a passport photo that contradicted Singh's sup-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

posed testimony that he had always had a beard and worn a turban.

■ As to the passport discrepancy, the IJ did not explain how this issue impacts Singh's asylum claim or what advantage Singh could possibly hope to gain by testifying he lost his original passport. The IJ therefore did not offer a "specific, cogent reason for any stated disbelief[.]" *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002) (internal quotation and citation omitted).

■ It is unclear from Singh's testimony whether his father's heart attack was related to the injuries his father sustained in custody, and thus it does not necessarily contradict the language in the letter. Moreover, Singh was never questioned regarding this alleged discrepancy or given any opportunity to explain or clarify his testimony. *See Chen v. Ashcroft,* 362 F.3d 611, 618–19 (9th Cir.2004) (rejecting reason for adverse credibility finding where petitioner "was denied a reasonable opportunity to explain what the IJ perceived as an inconsistency in her testimony").

The third reason misstates Singh's testimony. Singh actually testified that while in Bahrain, he had trimmed his beard and hair at the direction of the agent who was aiding him in getting to the United States, and that he had not cut his beard or hair since that time.

As each of the three stated grounds is not supported by substantial evidence, we grant Singh's petition for review and remand to the BIA for consideration of the merits of his asylum petition. *See Manimbao v. Ashcroft,* 329 F.3d 655, 663 (9th Cir.2003) ("We do not reach the issue of

[petitioner's] statutory eligibility for asylum because the BIA never reached it.").

PETITION GRANTED.